BOLIN, Judge.
Plaintiff was driving his automobile in the City of Springhill, Louisiana, and as he approached an intersection he lost control: of his car which careened across the inter-, section and struck a metal post located in front of a service station on the east side of' South Arkansas Street resulting in the per-, sonal injuries and damages for which this, suit is brought. Alleging the accident was caused by the negligence of Louis C. Perry in driving his automobile west across the-intersection directly in front of plaintiff’s automobile at a time when plaintiff could not avoid the accident, Shelton sued Perry’s liability insurer, State Farm Mutual Automobile Insurance Company, for his personal injuries and related damages. From judg- *756 ment rejecting plaintiff’s demands he appeals.
Since the trial judge neither assigned written reasons for his judgment nor were his oral findings incorporated in the transcript of testimony, we are unable to determine the basis for the judgment.
There are some inconsistencies and conflicts in the testimony of the numerous witnesses who testified as to relevant facts surrounding the accident but, mindful that plaintiff bears the burden of proving his case by a preponderance of the evidence, we shall state the facts as we appreciate them from our review of the record.
On January 29, 1965, plaintiff drove his 1956 Pontiac from Springhill to Cullen, Louisiana, and picked up a friend, Jesse Franklin. Upon leaving Cullen plaintiff, accompanied by Franklin, proceeded north toward Springhill on a highway which was east of and parallel to a railroad track. When he arrived at a point approximately one-quarter of a mile from the scene of the accident he made a left turn and crossed the railroad track, turned right and was proceeding north on South Arkansas to his home in Springhill which was only a few blocks away. When he was about 100 feet from the center of where Vine Street intersects South Arkansas Shelton noticed the Perry vehicle traveling west directly in front of him. At that point Vine Street is divided in the center by a raised traffic divider and there is a raised traffic island on the south side of Vine.
It is stipulated South Arkansas Street is the favored street and there is a sign on Vine warning motorists to stop before proceeding into the intersection. It is uncon-tradicted the accident occurred about 10:30 p. m., and that South Arkansas Street is relatively straight and level for at least a half mile in both directions from the intersection.
Mr. Perry, accompanied by his wife, was looking for a service station in order to obtain gasoline for his car. After crossing the railroad track he stopped at the intersection principally to look to his right on South Arkansas for a service station which might be open at that time of night. The only station he saw open was a Mercury gas station located across the intersection and on the left of Vine. Perry stated he looked in both directions before crossing and that he had completed the crossing and was waiting in line to buy gasoline when he first heard the screeching of brakes and saw the Shelton vehicle completely out of control. Both he and his wife testified they crossed the intersection and neither of them saw any traffic in either direction before the approach of plaintiff’s vehicle. There was no actual contact between the Shelton and Perry vehicles.
Defendant contends Perry was free of negligence; that the accident was caused by the fault of plaintiff in operating his automobile at an excessive rate of speed, in failing to keep a proper lookout and in operating his car while under the influence of intoxicating liquors.
Several witnesses who testified for defendant were of the opinion plaintiff was driving at an excessive rate of speed. Some of this testimony was based on the speculation that plaintiff was attempting to make a right turn on Vine to enter the same street from which he had recently emerged. Shelton and his companion deny plaintiff intended to turn right at the intersection. We view their version as the most logical since they had already crossed the railroad tracks approximately one-quarter of a mile before reaching the intersection in order to proceed to their residence located on the west side of the tracks. Shelton was familiar with the streets and no logical reason has been advanced why he would be attempting a right turn at Vine Street. The only reason for such action would be that he was intoxicated.
There was no convincing testimony that plaintiff was under the influence of intoxicating liquor. Plaintiff admitted he *757 drank some beer about five hours before the accident. We find plaintiff was not under the influence of intoxicants at the time of the accident nor was he attempting .a right turn at the intersection.
We conclude the accident was ■caused entirely by the negligence of Perry in entering a favored highway without 'having made the proper observation; that if he had looked to his left he would have •seen Shelton. We further find Shelton was not exceeding the speed limit; that he was ■operating his vehicle in a prudent manner .and when he saw Perry entering the intersection in front of him he was faced with .a sudden emergency not of his making; that 'he applied his brakes, turned his car to the •right in order to avoid striking the Perry -vehicle; that Shelton’s car struck the raised ■concrete divider and street curb causing 'him to lose control; that the car careened -to the right and struck the metal pole at the •service station resulting in the personal injuries made the basis of this suit.
Having found the accident was caused entirely by the negligence of Perry, it neces•sarily follows that defendant’s alternative plea of contributory negligence is without merit.
Left for consideration is the proper ^amount to be awarded plaintiff for his personal injuries. It was stipulated the award for property damage to Shelton’s automobile should be $177.50 in the event judgment -was rendered in his favor. An intervention was filed by Confederate Memorial Medical ■Center for expenses incurred by Shelton -while he was a patient in the hospital and it was stipulated, should plaintiff be successful, judgment would be rendered in favor of -intervenor in the sum of $288.
The sole medical evidence Consists of ■official copies of the records of Confederate Memorial relating to the treatment of plain-tiff while he was a patient in that institution. Plaintiff was seriously and painfully injured in the accident. He received first .aid treatment at a local clinic and was sent to the Confederate Memorial Medical Center in Shreveport where he was initially hospitalized for several days. His injuries were first determined principally to be a serious laceration to his face and head and bruises over a large portion of his body. After his release he want back to the Confederate Memorial on numerous occasions for treatment and minor surgery.
A photograph taken five weeks after the accident depicts a disfiguring scar covering almost the entire right side of his face and leaving his mouth protruding and completely out of shape. Later it was determined his most serious permanent injury was to his salivary ducts, which the physicians were unable to completely correct, leaving plaintiff incapable of controlling the flow of'saliva.
Prior to his injury he was employed at the Springhill Country Club as a porter at a regular weekly salary of $40. His employer testified Shelton averaged about $10 per week in tips and extra work. The employer further stated plaintiff reported back to work on several occasions but because of the employee’s inability to control his saliva it was his opinion he would never be able to resume his former employment. He was unable to do any kind of work until about June 1965.
The record is convincing that plaintiff is entitled to a substantial judgment for his personal injuries and we think an award of $7,500 would be adequate for plaintiff’s disfigurement, personal injury, pain, suffering and permanent partial disability. Plaintiff, in his petition, asked for a total of $800 for the loss of past and future earnings and the record justifies such an award.
For the reasons assigned the judgment appealed from is reversed, annulled and set aside and there is now judgment in favor of Daniel Arlester Shelton and against State Farm Mutual Automobile Insurance Company in the total sum of $8,765.50 together with legal interest thereon from judicial de *758 mand until paid, from which award inter-venor is to be paid by preference and priority the $288 medical expenses. All costs of these proceedings, including the cost of this appeal, are assessed against defendant.
Reversed and rendered.